UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO OFFICE

| | |
|---|---|
| THOMAS HAARMAN, <br><br> Plaintiff, <br><br> v. <br><br> FOSTER AND MONROE, LLC, <br><br> Defendant. | ) CIVIL COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) |

## COMPLAINT

Now comes Thomas Haarman ("Plaintiff"), complaining as to Foster and Monroe, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this District.

### PARTIES

4. Plaintiff is a natural person residing in St. Louis, Missouri.

[ 1 ]

5. Defendant is a third-party debt collector located in New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**BACKGROUND**

7. Some time ago, Plaintiff incurred a debt—on information and belief, on an old credit card—that was for personal use only (the "account").

8. Plaintiff is not a businessperson and would not have taken out the account for any business use.

9. Plaintiff used the account to pay for everyday living expenses, such as on information and belief, groceries.

10. After Plaintiff defaulted on this debt, Defendant received the debt and began to collect on it.

11. On a day in August 2021, at around 8:58 A.M. that day, Defendant left Plaintiff the following voicemail message, which was essentially a sentence fragment:

> ". . . to go over your details on a matter at 855-304-5142 reference 8P88189."

12. Plaintiff then received another voicemail message from Defendant:

> "This message is intended for an individual by the name of Thomas Haarman. Thomas, my name is Brad Williams. I called today regarding a complaint that had been filed to our office listed to the name and social security number of Thomas Haarman. I have been instructed to obtain statements from either Thomas or legal counsel representing that individual. Next, it does need to be submitted to our office no later than close of business today. I have contact at toll fee: 866-309-4164. Again, that's 866-309-4164. Now, we will be notifying the proper parties as to

whether or not Thomas is cooperating voluntarily on this matter.  Please be advised that this call has been documented and recorded.  Thank you."

13.     On the same day, Plaintiff's brother received a message from Brad Williams stating that the brother is a "known associate" of the Plaintiff, and there was a Complaint against the Plaintiff's social security number.

14.     The brother was instructed to return Brad William's call before close of business that day at 866-309-4164.

15.     Plaintiff did not receive, and on information and belief, Defendant never sent, the notice of debt collection commonly known as a § 1692g notice.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiff realleges the paragraphs above as though fully set forth herein.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

19.     In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.     Defendant's actions violated the following provisions of the FDCPA:

    a. § 1692b and § 1692c by disclosing information regarding the account to Plaintiff's brother, and other third parties to be learned in discovery;

    b. § 1692d(6) for failing to meaningfully disclose its identity on its phone calls;

    c. § 1692e(3) for implying that Brad Williams and/or the Defendant were lawyers representing a client, and engaged in legal activity against Plaintiff;

    d. § 1692e(5) for threatening a lawsuit and "complaint" against Plaintiff's "social security number" that Defendant did not intend, and could not reasonably have carried out;

    e. § 1692e(11) for failing to include any of the "mini-Miranda" style warnings required by law;

    f. § 1692g(a) for failing to send the required notice of debt collection in the mail; or, in the alternative, § 1692g(b) for engaging in activities that overshadowed the notice (if it were sent), such as demanding immediate callbacks and payment with false legal threats.

21. Defendant is directly and/or vicariously liable for the actions of its employees.

22. As a result of Defendant's conduct, Plaintiff's rights were violated; his privacy was intruded upon; his familial relations were strained; he did not receive information to which he was entitled; he suffered embarrassment, humiliation, degradation, and confusion; and he lost rights by not learning in a timely fashion that he could assert them.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff nominal damages;

    **d.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    **e.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

<u>By: s/ Jonathan Hilton</u>

Jonathan Hilton (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*